

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer Direct: (518) 776-2553

April 27, 2018

Hon. Andrew T. Baxter
Federal Building and U.S. Courthouse
P.O. Box 7396
Syracuse, NY 13261-7396

Re: *White v Marinelli. et al.,* NDNY 17-CV-1094 (LEK)(ATB)

Dear Judge Baxter:

On August 27, 2017, plaintiff commenced this action pursuant to 42 U.S.C. § 1983 by the filing of a complaint. *See* Dkt. No. 1. On March 26, 2018, defendants Randel Smith, George Waterson, and Tracy Nelson (the "moving defendants") moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 19. On April 18, 2018, plaintiff filed a response opposing the moving defendants' motion to dismiss ("plaintiff's opposition"), which included six exhibits, labeled A-F. *See* Dkt. Nos. 24; 24-1. However, these six exhibits were not included in the complaint. Please accept this letter in reply to plaintiff's opposition.

The moving defendants reassert the arguments set forth in the Memorandum of Law in support of their Motion to Dismiss and maintain that, for the reasons stated therein, the complaint should be dismissed. *See* Dkt. No. 19-1. The moving defendants also contend that the Court should not consider the exhibits included in plaintiff's opposition in deciding their motion to dismiss, and that the arguments in plaintiff's opposition are without merit.

The Court should not consider the exhibits attached to plaintiff's opposition because these documents were not attached to the complaint. The purpose of a Rule 12(b)(6) motion is to test the legal feasibility of the complaint, not the weight of the evidence that might be offered to support it. *See Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000). When determining the sufficiency of a claim under Rule 12(b)(6), the Court's consideration is limited to the factual allegations in the complaint; documents attached to the complaint as an exhibit or incorporated in it by reference; matters of which judicial notice may be taken; and, in limited circumstances, documents that are integral to the complaint, relied upon by plaintiff in bringing suit, and either in plaintiff's possession or within

plaintiff's knowledge.  *See Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Lugo v. Senkowski*, 114 F. Supp. 2d 111, 113 (N.D.N.Y. 2000).

Here, the exhibits attached to plaintiff's opposition were not attached to the complaint, and they do not pertain to matters of which judicial notice may be taken.  Further, it is submitted that these exhibits do not fall within the narrow exception for documents that are integral to the complaint.  *See Meisel v. Grunberg*, 651 F. Supp. 2d 98, 107, n 2 (S.D.N.Y. 2009) (declining to consider correspondence presenting matters outside the pleadings because the correspondence was not integral to the complaint).  Because neither side has requested that the Court convert the motion to dismiss into a motion for summary judgment, and the issues raised on the motion to dismiss do not lend themselves to summary judgment analysis, the moving defendants request that the Court decline to consider the documents attached to plaintiff's opposition.  *See Koehler v. Metro. Transportation Auth.*, 214 F. Supp. 3d 171, 174 (E.D.N.Y. 2016).

In paragraph 4 of plaintiff's opposition (pp. 1-4), he argues that his allegation of inmate-generated noise – specifically, his neighbor banging on his cell wall or door – is sufficient to support an Eighth Amendment conditions of confinement claim, partly because the banging was "louder than 8 bass drums [but] sharp and compact… like gun shots or when [a] car back fires."  Compl. ¶ 54; *see* Pl. Response at ¶ 4-C.  However, as argued in defendants' Motion to Dismiss, discomfort and sleep deprivation are insufficient to support an Eighth Amendment claim, and plaintiff has provided – at most - a conclusory claim that he suffered sleep deprivation because of this noise.  *See e.g. Walker v. LaValley*, 2014 WL 4744735, at *17 (N.D.N.Y. Sept. 23, 2014) (Eighth Amendment claim failed objective prong notwithstanding claim that excessive noise caused plaintiff to suffer from sleep deprivation) (attached to defendants' Motion to Dismiss).

In paragraph 5 of plaintiff's opposition (pp. 4-6), he argues that defendant Sgt. Smith had reason to know about the alleged rats or mice in plaintiff's cell because Smith was, at some point, advised that extermination services would be provided.  However, this allegation was not included in the complaint, and is based on Exhibit C to plaintiff's opposition, which was also not included in the complaint.  Additionally, plaintiff has nowhere alleged that he told Sgt. Smith about rats or mice in the cell, or that Smith had some other reason to know about rats or mice in Cell 18 from December 29, 2015 until April 25, 2016.  *See* Compl.  ¶¶ 118-119.

In paragraphs 6-7 of plaintiff's opposition (pp. 6-7), he argues that his cell lights being on all day from "December 30 until April 2016" amounts to an Eighth Amendment claim, and that this claim survived the Court's initial review.  He further argues that the defendants did not mention this claim in their motion to dismiss.  Defendants did not address plaintiff's cell lighting in their Motion to Dismiss, because, based upon counsel's reading of the order dated November 17, 2017, the Court dismissed this claim.  The only Eighth Amendment claim remaining against defendant Smith is based solely on alleged noise by plaintiff's neighbor and alleged rats or mice in the Cell 18.  *See* at Order (Dkt. No. 4) at pp. 28-29.  To the extent plaintiff's Eighth Amendment claim based upon cell lighting survived the Court's November 17, 2017 review, defendants respectfully request the Court take judicial notice of the following cases, as plaintiff has not alleged any adverse impact on his health or safety, and dismiss this claim: *Quick v. Graham*, 2016 WL 873853, at *8 (N.D.N.Y. Jan. 8, 2016) (attached).

In paragraph 8 of plaintiff's opposition (pp. 7-10), he addresses the medical indifference claim against defendant Nurse Waterson.  Plaintiff offers unavailing arguments that his medical condition (alleged rodent bite) was sufficiently serious under the object prong, and Waterson had a sufficiently culpable state of mind.  A minor bite is not sufficiently seriously to satisfy the objective prong of his deliberate indifference claim.  *See e.g. Sledge v. Kooi*, 564 F.3d 105, 107, 108 (2d Cir. 2009).  Further, the minor delay in plaintiff's treatment for the bite (less than one day) is insufficient.  *See e.g. Burroughs v. Petrone,* 138 F. Supp. 3d 182, 212 (N.D.N.Y. 2015).  In an attempt to save his claim, plaintiff points to alleged ailments that occurred *after* Waterson's involvement, which are irrelevant.

In paragraphs 9-10 of plaintiff's opposition (pp. 10-14), he addresses the First Amendment retaliation claim against defendant Tracy Nelson.  Among other things, plaintiff flatly contradicts the facts alleged in the complaint in attempt to save his claim against Nelson.  Plaintiff now asserts that Nelson committed certain acts that, in the complaint, he clearly attributes to Roxanne LeClerc.  In other words, to rectify the deficiency in his allegations against Nelson, plaintiff is now trying to claim that Nelson did the things that LeClerc allegedly did.  *Compare* plaintiff's opposition ¶ 9-B-4 (pp. 12-13) *with* complaint ¶ 113.  Further, plaintiff's allegation that defendant Nelson hindered the F.O.I.L. process is insufficient to state a First Amendment retaliation claim or to implicate Nelson in the alleged retaliatory conduct by defendants Bernier and LeClerc.  *See* Opposition ¶¶ 9, 9-A.  Plaintiff fails to allege that Nelson knew about the grievances filed against Bernier, let alone that Nelson took any action based upon that knowledge.

For the reasons discussed above, and those set forth in the Memorandum of Law in support of the Motion to Dismiss, the moving defendants request that their motion be granted and the complaint be dismissed.

Thank you for your consideration in this matter.

> *Pursuant to 28 U.S.C. §1746, I declare that, on this date, I caused the plaintiff to be served with a copy of this letter request by First-Class United States Mail at the address below.*

Respectfully,

*s/Erik Pinsonnault*

Erik Pinsonnault
Assistant Attorney General
Bar Roll No. 107509
Erik.Pinsonnault@ag.ny.gov

cc:    Equarn White, 08-A-2234
       Southport Correctional Facility
       P.O. Box 2000
       Pine City, NY 14871-2000