UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

EQUARN WHITE,

*Plaintiff*,

-against-                                              17-CV-1094

JOHN MARINELLI, *et al*.,                               LEK/ATB

*Defendants*.

---

## MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE
## COMPLAINT

BARBARA D. UNDERWOOD
Attorney General of the State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

October 19, 2018

## Table of Contents

PRELIMINARY STATEMENT ................................................................................................ 3

PROCEDURAL HISTORY.................................................................................................... 3

SUMMARY OF PROPOSED AMENDED COMPLAINT ......................................................... 4

ARGUMENT ...................................................................................................................... 12

POINT I - PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT SHOULD
      BE DENIED FOR FAILURE TO COMPLY WITH RULE 8 OF THE FEDERAL RULES
      OF CIVIL PROCEDURE .................................................................................................12

POINT II - THE PROPOSED AMENDMENTS SHOULD BE REJECTED ON THE
      GROUND THAT THEY ARE  FUTILE .................................................................. 13

      a.  Eighth Amendment Conditions of Confinement Claims Against Sgt. Smith…..…14

      b.  Eighth Amendment Deliberate Indifference Claims……………………………..16

      c.  Eighth Amendment Sexual Harassment Claims…………………………………16

      d.  First Amendment Access to Court Claims………………………………………17

      e.  First Amendment Retaliation Claims Against Sgt. Smith…………………..……18

      f.  First Amendment Retaliation Claims Against Bernier, Nelson and LeClerc…….19

      g.  Fourteenth Amendment Due Process Claims Against Bernier and Nelson……...19

      h.  Procedural Due Process Claims Against Bernier and LeClerc (SOCTP)…..……20

      i.  Substantive Due Process Claims Against Bernier and LeClerc……………….…21

CONCLUSION.................................................................................................................. 22

## PRELIMINARY STATEMENT

Defendants, Randel Smith ("Sgt. Smith"), George Waterson ("Nurse Waterson"), Tracy Nelson ("Nelson"), Roxanne LeClerc ("LeClerc") and Denise Bernier ("Bernier"), oppose plaintiff's motion seeking leave to amend the complaint insofar as asserted against them.  The basis for their opposition is: (1) the claims against defendants are futile as they would not withstand a motion to dismiss; (2) plaintiff's prolix proposed amended complaint violates Fed. R. Civ. P. 8(a)(2) and 8(d)(1) as it is over 250 pages long, contains legal arguments, and contains numerous immaterial and redundant allegations; (3) there was an undue delay in moving to amend the complaint; and (4) defendants will be substantially prejudiced by allowing these unrelated claims to be asserted in this action.

## PROCEDURAL HISTORY

Plaintiff initially commenced this action pursuant to 42 U.S.C. § 1983 by filing a complaint on October 2, 2017. Dkt. 1.  The Court reviewed the sufficiency of the *pro se* complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A. Dkt. 4.  The following three claims survived the initial review: (1) an Eighth Amendment conditions of confinement claim against Sgt. Smith related to "Cell 18" [Dkt. 4 at pp. 28-29, 42]; (2) an Eighth Amendment deliberate medical indifference claim against Nurse Waterson [*Id.* at pp. 23, 42]; and (3) a First Amendment retaliation claim against defendants LeClerc, Nelson, and Bernier [*Id.* at pp. 34, 36-37, 42].[1]  The following defendants were terminated from the action: John Marinelli, Superintendent Donald Uhler, Lt. R. Barkman, Sgt. P. Baker, Sgt.

---

[1] In its November 17, 2017 Order, the Court dismissed the following claims asserted against defendants Smith, Waterson, Leclerc, Nelson and Bernier: (1) Fourteenth Amendment claims against defendant Bernier related to personal property; (2) Eighth Amendment conditions of confinement claims against defendant Smith (related to Cell 15); (3) Eighth Amendment claim against defendant Nelson; (4) Fourteenth Amendment claims against defendants Bernier and LeClerc; (5) Fourteenth Amendment claim against defendants Bernier and Nelson; (6) First Amendment retaliation claims against defendant Smith; and (6) a First Amendment claim related to access to the courts against defendant Bernier.  Plaintiff has reasserted these claims in the proposed amended complaint.

R. Scott, Sgt. L.Maynard, Sgt. M. Eddy, Sgt. L. Gokey, C.O. R. Winston, C.O. A. Gallagher, C.O. B. Fournier, C.O. M. Bashaw, Jr., C.O. J. Premo, C.O. N. Ashline, Nurse Administrator N. Smith, H. Baker, M. Byno, and C. Conklin. Dkt. 4. These individuals were never served with process.

On March 26, 2018, defendants Sgt. Smith, Nurse Waterson and Nelson moved to dismiss the claims asserted against them in the initial complaint pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. Nos. 9-14, 19.[2] Defendants Bernier and LeClerc answered the complaint on March 27, 2018. Dkt. 22. On August 2, 2018, plaintiff filed the instant motion for leave to amend, attaching a copy of the proposed amended complaint. Dkt. Nos. 28, 28- 2.[3]

### SUMMARY OF PROPOSED AMENDED COMPLAINT

For ease of reference, the following is a summary of the proposed amendments.  Plaintiff reasserted claims against the defendants named in the original complaint, with the exception of C.O. M. Bashaw, Jr., C.O. J. Premo, C.O. N. Ashline, and Nurse C. Conklin.[4]  In his proposed amended complaint, plaintiff has provided additional facts and numerous legal arguments regarding previously dismissed claims.

In the proposed amended complaint, Plaintiff also attempts to bootstrap a completely separate action, asserting new causes of action against defendants not previously named based on completely separate incidents alleged to have occurred at different facilities.  The newly named defendants, including two Justices of the Appellate Division, Second Department, are:

> Superintendent Michael Kirkpatrick; Lt. Rocky Kramer; C.O. Todd Manly; C.O. Gerald Delaney; C.O. Alfred LaDue; C.O. Shane Bigelow; C.O. Katelyn Drollette; C.O. Sarah Tompkins; C.O. Tracy Smith; C.O. Patricia Coutant; C.O. Carol Morse; FOIL Officer Sharon Benson Perry; ORC Stephanie Perry; DOCCS

---

[2] This motion to dismiss is currently pending before this Court.

[3] Plaintiff's proposed amended complaint is 253 pages and names 51 defendants, compared to the 69-page original complaint naming 23 defendants.

4 These defendants were dismissed from the original complaint and there are no causes of action against these defendants in the proposed amended complaint

Commissioner Anthony Annucci; Jeff McKey; Brian McCallister; Megan Mactavish; Nicholas Benware; Anthony Gonzalez; Michael Bennett; Eric Gatwine; Christine Gregory; Debbie Keysor; L. Issac; Mental Health Social Worker Townsend; Berne Fonda, Director of OSI; C.O. Jeremy Calitri; Kayla Burrington; Donald Venettozzi; Karen Bellamy; Hon. Reinaldo Rivera; and Hon. Mark C. Dillon.

The newly named defendants have not yet been served with process and have not requested representation from the New York State Office of the Attorney General. *See* Pinsonnault Decl. at ¶ 4. As noted, this opposition is made solely on behalf of five defendants: Sgt. Smith, Nurse Waterson, Nelson, LeClerc and Bernier.   Below is a summary of the in the proposed amended complaint insofar as asserted against these five defendants.

**Eighth Amendment Claims**

1. Conditions of confinement claims against Sgt. Smith

Plaintiff asserts two Eighth Amendment conditions of confinement claims against defendant Smith.  First, plaintiff claims that, on September 19, 2014, he spoke with Sgt. Smith and requested to be transferred to a new cell at Upstate Correctional Facility ("Upstate") because the John Doe inmate in the adjacent cell was "driving [him] crazy" by making noise that deprived plaintiff of sleep.  Proposed Amended Complaint ¶¶ 95, 97.  Plaintiff alleges that Smith told him that there were no open cells, despite cell 38b being open and unoccupied for about a week.  *Id*. at ¶*95*.

In its November 17, 2017 Order (the "IFP Order"), the Court dismissed as untimely claims against Sgt. Smith related to plaintiff's confinement in cell 15 from May 2014 until September 2014, but allowed plaintiff an opportunity to be heard on the issue of timeliness.  Dkt. 4, pp. 27-28.   Plaintiff now argues that the statute of limitations (SOL) for the 2014 conditions of confinement claim against Smith should be tolled until January 7, 2018, because plaintiff was pursuing his administrative remedies and DOCCS' Central Office Review Committee (CORC)

5

acknowledged receipt of his grievance appeal on January 7, 2015.  Prop. Am. Compl. ¶ 101 (a-e). In support of the instant motion for leave to amend, plaintiff provides a copy of a grievance filed on September 15, 2014.  Dkt. 28-3 at pp. 40-41 (Ex. S).  Plaintiff also submits the IGRC response to this grievance (Dkt. 28-3 at pp. 42-43, Ex. T); Superintendent Uhler's response and plaintiff's appeal to CORC dated October 17, 2014 (*id.* at pp. 44-45, Ex. U); and CORC's receipt of his grievance appeal, dated January 7, 2015 (*id.* at pp. 46-47, Ex. V).

The second conditions of confinement claim against Sgt. Smith relates to plaintiff's confinement in cell 18 on December 29, 2015, during a return trip to Upstate.  Plaintiff alleges that Smith placed him in a cell adjacent to John Doe inmate based on grievances filed by plaintiff.  He alleges that he was deprived of sleep for approximately one month because of noise generated by John Doe inmate.  Plaintiff also alleges that rats ran through his cell from December 2015 through April 2016.  *See* Prop. Am. Comp. ¶ 265.  This 2015 conditions of confinement claim against Smith, relating to cell 18, survived *sua sponte* review. Dkt. 4 at pp. 28-29.  Smith moved to dismiss this claim for failure to state a cause of action. *See* Dkt. 19-1 at pp. 6-9. This motion is still pending.

2.   Deliberate indifference claim against defendant Waterson

Plaintiff asserts that, after an alleged rodent bite, Nurse Waterson: (1) denied his request for emergency treatment on April 16, 2016 and (2) deliberately destroyed his sick call slip. Prop. Am. Comp. ¶¶ 266, 266(a). This claim survived the Court's *sua sponte* review, and Waterson moved to dismiss this claim for failure to state a cause of action. *See* Dkt. 4 at pp. 23, 42; Dkt. 19-1. This motion is still pending.  In the amended complaint, plaintiff attempts to bolster this claim by further alleging that, on April 18, 2016, Nurse Waterson saw that his foot was infected and refused to provide any treatment.  Prop. Am. Comp. ¶ 166.

3.   Commissary

In his initial complaint, plaintiff alleged that Sgt. Smith denied him access to the commissary. The Court dismissed this claim because a temporary denial of access to commissary privileges does not present a constitutional issue. Dkt. 4 at pp. 26-27. In his proposed amended complaint, plaintiff has not asserted Eighth Amendment claims relating to the commissary. Accordingly, it is submitted that this claim has been abandoned.

4. Sexual Harassment

Plaintiff asserts an Eighth Amendment sexual harassment claim against defendant Nelson based on one alleged instance of verbal l harassment. Prop. Am. Compl. ¶¶ 191(h)(4), 301. The Court dismissed this claim as insufficient because plaintiff does not contend that he was touched or physically harmed in any manner. Dkt. 4 at p. 29.

In his proposed amended complaint, plaintiff broadly alleges that there is a substantial risk of injury when officers make sexual remarks in an environment characterized by "tight" confinement, where sexual assaults of prisoners by officers are well known and inadequately addressed. Prop. Am. Compl. ¶ 301 (a).

**First Amendment Claims**

1. Access to Courts

Plaintiff claims that defendant Bernier interfered with his access to courts when she intentionally destroyed video footage related to a disciplinary hearing at which would have supported an administrative appeal and Article 78 petition. *See* Prop. Am. Comp. ¶ 272. In the IFP Order, the Court dismissed this claim because plaintiff did not allege that Bernier's actions caused any injury related to a legal claim. Dkt. 4 at p. 38.

In his proposed amended complaint, plaintiff alleges that the video footage would have supported his administrative appeal of an allegedly "unconstitutional" superintendent's hearing

7

that ended on December 9, 2015. Prop. Am. Compl. ¶ 136(A).  He alleges that he was unable to submit the video footage (DVD) and the SOL to submit his appeal expired January 15, 2016. [5]  *Id*. at ¶ 136(2B).  Plaintiff filed an Article 78 petition regarding these alleged Due Process violations, stating that he would forward the DVD upon receipt.  *Id*. at 136(C).  On August 2, 2016, plaintiff's Article 78 petition was denied based in part on a dearth of proof that the hearing officer was biased. *Id*. at 136(D).[6]  Plaintiff contends that he would have won the Article 78 proceeding if he submitted the DVD, because the hearing officer allegedly asked him off the record, "why would the officers say it if it wasn't true?"  *Id*. at 136(P).[7]

   2.  Retaliation

        a.  Retaliation claim against defendant Smith

    Plaintiff alleges that Sgt. Smith intentionally lied to plaintiff (a) on September 19, 2014 when he told plaintiff that there were no other available cells (Prop. Am. Comp. ¶ 101[f]) and (b) on December 29, 2015, when Smith placed plaintiff in a cell next to John Doe inmate (*id*. at ¶¶ 258, 260).  Plaintiff claims that Smith did this in retaliation for filing grievances against Smith and other defendants.  *Id*.  In the IFP Order, the Court dismissed the retaliation claim against Smith, finding the complaint did not include details of the grievances that motivated the alleged retaliatory actions, including when the grievances were filed, who they were filed against, and how Smith became aware of the grievances.  Dkt. 4 at pp. 35-36.

---

[5] Although the Superintendent's determination was not reversed, it was modified to reduce plaintiff's disciplinary confinement from a period of 1 year to a period of 270 days.

6 Plaintiff devotes many paragraphs to alleged efforts to challenge to the article 78 proceeding at the Appellate Division, Second Department.  Prop. Am. Compl. ¶ 136(A-M).   He makes reference to "defendant Aprilanne Agostino" but counsel does not see Ms. Agostino listed among the defendants named in the proposed amended complaint. Prop. Am. Compl. ¶ 136(H).

[7] It is unclear to counsel what DVD/video footage plaintiff is referencing.  It is noted that plaintiff does not clearly state that the alleged statement by the hearing officer "off the record" was video-recorded.

In his proposed amended complaint, plaintiff now asserts that he "mistakenly said he filed the grievance 12/1/14 about D. Bernier." Prop. Am. Comp. ¶ 101(N)(4).  He claims that he actually filed grievances against both Bernier and Sgt. Smith "before and after he left Upstate," and Smith was aware of specified grievances.  *See* Prop. Am. Comp. ¶ 101(n)(4), (6.

> b.  Retaliation Claims against defendants Bernier, Nelson and LeClerc

Plaintiff asserts First Amendment retaliation claims against defendants Bernier, Nelson, and LeClerc.  Specifically, he claims that Bernier and Nelson deliberately obstructed his FOIL requests (including a request for video footage) in retaliation for his filing grievances on 10/25/14, 11/18/14, 1/18/16, and 3/28/16.  Prop. Am. Compl. ¶ 273.  He also alleges that Bernier and LeClerc referred him to the Sex Offender Counseling and Treatment Program (SOCTP) in March 2016 because he filed grievances and wrote letters to the "Open Committee" complaining that he was charged excessive prices for video footage.  *Id.* at ¶ 273(b).

The First Amendment retaliation claims against defendants Bernier, Nelson and LeClerc survived *sua sponte* review.  Dkt. 4 at P. 37.  An Answer was filed for Bernier and LeClerc regarding these claims on March 27, 2018.  Dkt. 22.  A motion to dismiss was filed on behalf of defendant Nelson relating to these claims (Dkt. 19), which is still pending before the Court.

**Fourteenth Amendment Claims**

1.  Procedural Due Process

> a.  *Deprivation of Property*

In the original Complaint, plaintiff asserted claims against Bernier for her alleged refusal to provide video footage he purchased.  The Court previously dismissed these claims because plaintiff cannot state a claim for deprivation of property under § 1983 when he has access to adequate state law remedies, i.e., a Court of Claims action.  Dkt. 4 at p. 17.  In the proposed

amended complaint, there are no Fourteenth Amendment claims asserted against Bernier based on her alleged refusal to provide video footage. Consequently, these claims have been abandoned.

Plaintiff does, however, allege that Bernier and Nelson violated his due process rights by failing to respond to his FOIL requests. Prop. Am. Compl. ¶¶ 277, 280. These claims are couched as a violation of his Substantive Due Process rights. However, as noted in the IFP Order, the only constitutional claim that may arise from alleged FOIL violations is deprivation of property under the Due Process Clause of the Fourteenth Amendment. Dkt. 4 at p. 33. In the IFP Order, the Court dismissed the claims holding that plaintiff does not have a property interest in obtaining FOIL documents. Dkt. 4 at p. 33.

In his proposed amended complaint, in addition to claims relating to FOIL requests, plaintiff also asserts that defendant Nelson refused to provide him with a copy of his referral to SOCTP or a copy of DOCCS rules and directives related to sex offender counseling. Prop. Am. Compl. ¶ 280. Plaintiff has not asserted that any "property interest" was created. Additionally, plaintiff had adequate state law remedies available to address these issues.

### b. Referral to SOCTP

Plaintiff alleges that Bernier and LeClerc violated his Due Process rights by referring him to SOCTP for non-sex related offenses. Prop. Am. Compl. ¶ 274. The Court dismissed this claim holding that referral to SOCTP did not "impose an atypical or significant hardship" and implicate a constitutionally protected interest. Dkt. 4 at p. 31. In his proposed amended complaint, plaintiff asserts that there was no penological purpose for his referral to SOCTP on the basis of three non-sex-related lewd tickets. Prop. Am. Compl. ¶ 274. He claims, inter alia, that he was forced to sit through a program with convicted sex offenders, which injured his reputation outside of prison. *Id.* at ¶ 275 (a-c).

10

2.   Substantive Due Process

Plaintiff claims that Bernier and LeClerc also violated his Substantive Due Process rights by referring him to SOCTP.  Plaintiff alleges that Bernier made a non-sex offense referral, a form of oppressive conduct, in retaliation for grievances he filed.  *Id.* at ¶ 177.  He also alleges that Nelson would not give him copies of the non-sex offense referral or DOCCS rules and directives related to sex offender counseling needs.  *Id.* at ¶ 280.  As noted above, the claims against Nelson should be construed as Procedural Due Process claims under the Fourteenth Amendment.

In the IFP Order, the Court dismissed plaintiff's substantive due process claims holding that referral to SOCTP was not shocking to the conscience or oppressive in the constitutional sense because plaintiff's participation in the program was based on a history of lewd conduct.  Dkt. 4 at p. 32, quoting County of Sacramento v. Lewis, 523 U.S. 833, 847 n.8 (1998) ("Very few conditions of prison life are 'shocking' enough to violate a prisoner's right to substantive due process").  In his proposed amended complaint, plaintiff alleges that the referral to SOCTP was shocking to the conscience because he heard stories of other inmates' sexual offenses, he was treated as a sex offender by staff, and his family was harassed when other inmates had him labeled as a sex offender.  Prop. Am. Compl. ¶¶ 284-285.

3.   Equal Protection

In his original complaint, plaintiff alleges that Bernier and LeClerc violated his right to equal protection under the Fourteenth Amendment.  The Court dismissed these claims holding that plaintiff did not allege facts suggesting how these defendants treated him differently than a similarly situated inmate in his complaint.  Dkt. 4 at p. 33.  Similarly, in his proposed amended complaint, plaintiff does not allege that Bernier or LeClerc treated him differently than a similarly situated inmate.  Nor does he assert an equal protection claim against Bernier or LeClerc.  Instead,

plaintiff asserts that defendants who have yet to be served (N. Benware, S. Perry, Jeff McKoy, Mactavish and McCallister) violated his equal protection rights by treating him differently than a similarly situated inmate.  Prop. Am. Compl. ¶ 289.  As we do not represent the unserved defendants, we do not comment on the sufficiency of plaintiff's claims against them.  However, with respect to Bernier and LeClerc, the equal protection claims have been abandoned.

## ARGUMENT

### POINT I

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT SHOULD BE DENIED FOR FAILURE TO COMPLY WITH RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Salahuddin v. Cuomo*, 861 F.2d 40, 41-42 (2d Cir. 1988).  "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial. *Salahuddin*, 861 F.2d at 42.  The statement should be short because "[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Id*., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969).

When a complaint does not comply with the requirement that it be short and plain, the Court has the power, on its own or in response to a motion, to dismiss the complaint or strike any portions which it deems redundant or immaterial.  *Salahuddin*, 861 F.2d at 42.  Dismissal is appropriate where "the complaint is so confused, ambiguous, vague or otherwise unintelligible

that its true substance, if any, is well disguised." *Id*. (affirming dismissal of a prolix complaint which spanned 15 single-spaced pages with explicit descriptions of approximately 20 defendants).

In the present matter, plaintiff's proposed amended complaint spans 253 pages and contains 308 paragraphs, exclusive of numerous subparagraphs. Plaintiff also attaches 71 pages of exhibits to his amended complaint. The amended complaint contains numerous gratuitous allegations. *See e.g.* Prop. Am. Compl. ¶ 191 (k)(5) ("supose [sic] the plaintiff didn't turn down T. Nelson['s] advance for the sex act for the F.O.I.L.S where plaintiff could have manipulated her to get D. Bernier personal information or other staff information…"). It also contains extensive legal argument. *See e.g.* Prop. Am. Compl. ¶¶ 204, 205 (F)(3). In sum, plaintiff's proposed amended complaint is anything but short and plain. The allegations are not simple, concise or direct, as required by Fed. R. Civ. P. 8(a)(2). Dismissal is warranted because the task of filtering through plaintiff's prolix complaint to sort out the relevant material that requires a response "would be enormously wasteful of resources upon which other litigants have an equal call." *VTech Holdings Ltd. V. Pricewaterhousecoopers, LLP*, No. 03-CV-1419, 2003 WL 21756623, at \*2 (S.D.N.Y. July 30, 2003) (attached); *see Reddy v. Catone*, 13-CV-707 MAD/ATB, 2014 WL 2611351, at \*3 (N.D.N.Y. June 11, 2014) (attached).

## POINT II

**THE PROPOSED AMENDMENTS SHOULD BE REJECTED ON THE GROUND THAT THEY ARE FUTILE**

If the Court does not deny the motion and reject the proposed amended complaint in its entirety, many of the newly proposed claims should nonetheless be rejected as futile insofar as they are asserted against defendants Sgt. Smith, Nurse Waterson, Bernier, Nelson and LeClerc.

Under Fed. R. Civ. P 15(a)(2), Courts "should freely give leave [to amend a complaint] when justice so requires." Though liberally granted, leave to amend may properly be denied, inter

13

alia, on the ground of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, and futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Beastie Boys v. Monster Energy Co.*, 983 F. Supp. 2d 354, 361 (S.D.N.Y. 2014).

"An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002); *see Clark v. Dominique*, 798 F. Supp. 2d 390, 408, n 31 (N.D.N.Y. 2011). As discussed below, the following proposed amendments are futile: (a) Eighth Amendment conditions of confinement claims against Sgt. Smith; (b) Eighth Amendment deliberate indifference claims against Nurse Waterson; (c) Eighth Amendment sexual harassment claims against defendant Nelson; (d) First Amendment Access to Courts claim against defendant Bernier; (e) First Amendment retaliation claims against Sgt. Smith; (f) First Amendment retaliation claims against defendants Bernier, Nelson and LeClerc; (g) Due Process claims against Bernier and Nelson; (h) Procedural Due Process claims against Bernier and LeClerc for referring plaintiff to SOCTP; and (i) Substantive Due Process claims against Bernier and LeClerc.

### a.   Conditions of Confinement Claims Against Sgt. Smith

In the IFP Order, the Court dismissed the claims against Sgt. Smith relating to his refusal to transfer plaintiff to a different cell despite plaintiff's complaints. Dkt. 4 at p. 27.  The Court held that, although plaintiff sufficiently alleged an Eighth Amendment claim, the claims are time barred: plaintiff's conversation with Smith occurred on September 19, 2014 and the complaint was filed on September 25, 2014, over three years after the claim had accrued.

Among the 71 pages of exhibits attached to the proposed amended complaint, plaintiff including a grievance filed September 15, 2014 wherein he complains about John Doe inmate

14

banging on the walls, depriving him of sleep. Dkt. 28-3 at p. 41. He argues that he is entitled to equitable tolling of the SOL until January 7, 2015 based on the period of time during which he was pursuing his administrative remedies. Prop. Am. Compl. ¶ 101 (a-e). Notwithstanding plaintiff's arguments regarding equitable tolling, the conditions of confinement claims against Sgt. Smith based on an incident that allegedly occurred on September 19, 2014 is clearly time-barred. Plaintiff's September 15 grievance simply could not have contained complaints about something that occurred on September 19. Thus, plaintiff not only failed to show that he exhausted administrative remedies relating to his 2014 conditions of confinement claim against Smith, but the claim is clearly time-barred.

Even if the Court finds that this claim may be subject to some form of tolling, the amendment should be denied because allegations of inmate-generated noise are not sufficient to show that plaintiff was exposed to objectively serious prison conditions in violation of the Eighth Amendment. *See Griffin v. Coughlin*, 743 F.Supp. 1006, 1018 (N.D.N.Y.1990). Plaintiff makes a conclusory allegation that he was deprived of sleep due to his neighbor's banging, but he never alleges a medical condition resulting from the noise. *See id*.

Therefore, it is respectfully submitted that plaintiff's Eighth Amendment claim against Sgt. Smith relating to September 19, 2014 is futile because it is time-barred and nonetheless fails to allege a constitutional violation.

The Eighth Amendment claim against defendant Smith based on alleged occurrences in December 2015 survived the Court's *sua sponte* review [Dkt. 4] and are currently subject to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Accordingly, the sufficiency of these claims depends upon the Court's determination of the motion.

### b. Eighth Amendment Deliberate Indifference Claims

Plaintiff has reasserted Eighth Amendment deliberate indifference claims against Nurse Waterson. As noted, these claims survived the Court's *sua sponte* review and are currently subject to a motion to dismiss. In the proposed amended complaint, plaintiff has added conclusory language that, on April 18, 2016, Nurse Waterson saw that his foot was infected and refused to treat him. Prop. Am. Compl. ¶ 166. As noted in defendants' pending motion to dismiss, the alleged ailments suffered by plaintiff are not sufficiently serious to satisfy the objective prong of a medical deliberate indifference claim; he fails to state that his purported ailments, a bite and stomach pain, were likely to produce death, degeneration, or extreme pain. *See generally Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). Accordingly, the sufficiency of plaintiff's claims depends upon the Court's determination of the pending motion to dismiss: plaintiff has failed to allege any additional facts that would satisfy the objective prong.

### c. Eighth Amendment Sexual Harassment claims

Allegations of sexual abuse of a prisoner by a correction officer "with a sufficiently culpable state of mind" may be cognizable as an Eighth Amendment claim. *See Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997). However, allegations of verbal threats of sexual assault are not sufficient to state a constitutional violation under § 1983. *See Harris v. Lord*, 957 F.Supp. 471, 475 (S.D.N.Y.1997); *Jones v. Rock*, No. 12-CV-447, 2013 WL 4804500, at *19 (N.D.N.Y. Sept. 6, 2013) (attached). Here, the Court initially dismissed plaintiff's Eighth Amendment claim against Nelson because allegations of verbal harassment are insufficient to support a § 1983 claim. Dkt. 4 at p. 29. Plaintiff attempts to cure the defect by arguing there is a substantial risk of injury where officers make sexual remarks to prisoners. In support of the conclusory allegation, plaintiff cites to a factually distinguishable case, *Women Prisoners of the*

16

*District of Columbia Department of Corrections v. District of Columbia,* 877 F.Supp 643 (D.C. 1994). In *Women Prisoners*, the Court was faced with many incidents of sexual misconduct, including forceful sexual activity, unsolicited sexual touching, and sexual comments. *Id*. at 639. Here, however, plaintiff only alleged a single incident of verbal harassment. Dkt. 4, P. 29. He does not allege the he was touched or physically harmed in any manner. Therefore, plaintiff's Eighth Amendment sexual harassment claims against defendant Nelson should be rejected as futile.

### d. First Amendment Access to Court Claims

To state a claim for denial of access to the courts, a plaintiff must allege that: (1) the defendant acted with knowledge that his/her actions would interfere with plaintiff's right to access the courts, or (2) plaintiff suffered actual injury or prejudice in his legal action. *See generally Cusamano v. Sobek*, 604 F.Supp.2d 416, 440 (N.D.N.Y. 2009). Significantly, a plaintiff must allege that the defendant "took or was responsible for actions that hindered a plaintiff's efforts to pursue a legal claim." *Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir.1997) (internal cite and quote omitted); *see Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). In other words, a plaintiff must demonstrate "actual injury" by establishing that the denial "hindered his efforts" to pursue a non-frivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 349, 351-53 (1996).

In this case, plaintiff states in conclusory terms that Bernier interfered with his access to courts. *See e.g.* Prop. Am. Compl. ¶ 136(2b) (alleged inability to fully submit his appeal because he did not have ambiguous video footage); and ¶ 136(d) (Article 78 petition denied because he did not have that video). For example, plaintiff can only speculate that the video footage would show a hearing officer was biased. His hypothetical injuries are not sufficient to state an actual injury. Additionally, there are no allegations that Bernier acted with knowledge that her actions would

17

interfere with plaintiff's right to access the courts.   Thus, it is submitted that plaintiff's proposed First Amendment access to court claim against Bernier should be rejected as futile.

### e. First Amendment Retaliation Claims Against Sgt. Smith

To state a First Amendment retaliation claim sufficient to withstand a motion to dismiss, a prisoner must demonstrate "(1) that the speech or conduct at issue was protected, (2) that the defendant [prison official] took adverse action against the [prisoner], and (3) that there was a causal connection between the protected speech and the adverse action." *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015) (internal citation and quotation marks omitted). "Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation." *Dawes v. Walker*, 239 F.3d 489, 493 (2d Cir. 2001). "Otherwise the retaliatory act is simply de minimis and… outside the ambit of constitutional protection." *Id*. at 493. With respect to the third prong, the causal connection, the protected conduct must be a "substantial or motivating factor" in defendant's decision to take action against a plaintiff and this determination may be based on the temporal proximity between the protected activity and the alleged retaliatory act and statements about defendant's motivation. *Vega v. Artus*, 610 F. Supp. 2d 185, 207 (N.D.N.Y. 2009) (internal cites and quotes omitted). Prisoner retaliation claims must be approached with "skepticism and particular care" because "virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act." *Davis v. Goord*, 320 F.3d at 353.

Here, plaintiff's proposed amendment alleges that Sgt. Smith placed him in a cell next to John Doe inmate in December 2015 in retaliation for a grievance that plaintiff filed against Smith on or about June 8, 2014, complaining that Smith refused to provide him commissary sheets. *See*

18

Dkt. 28-3 (Ex. X). This de minimis allegation is outside the ambit of constitutional protection because (1) the grievance was filed on June 26, 2014 (d. 6-8-14), approximately a year and a half before the alleged retaliatory conduct; (2) there is no facts alleged to establish a causal connection between the grievance for failure to give out commissary sheets and Smith placing plaintiff in a cell next to John Doe inmate; (3) there is no allegation that Smith made any statements about his motivation; and (4) there is no support for plaintiff's conclusory claim that other cells were actually available.[8]

In sum, the proposed amendment is replete with conclusory terms that Sgt. Smith's conduct was retaliatory and these claims should be rejected as futile.

### f. First Amendment Retaliation Claims Against Bernier, Nelson and LeClerc

The retaliation claims against defendant Bernier, Nelson and LeClerc initially survived the Court's *sua sponte* review. Dkt. 4. As noted above Bernier and LeClerc submitted an Answer, and Nelson has a pending motion to dismiss for failure to state a cause of action. Accordingly, defendants do not object to amended retaliation claims against Bernier and LeClerc. However, the sufficiency of the retaliation claim against Nelson depends upon the Court's determination of the pending motion.

### g. Fourteenth Amendment Due Process Claims Against Bernier and Nelson

As noted above, plaintiff alleges that Bernier and Nelson violated his substantive due process rights by failing to respond to his FOIL requests. However, as the Court noted, "the only constitutional claim arising from alleged FOIL violations is one of a deprivation of property under the Due Process Clause of the Fourteenth Amendment." Dkt. 4 at p. 33; *see Gantt v. Racicot*, No. 10-CV-1526, 2011 WL 484197, at *1 (N.D.N.Y. Jan. 7, 2011) (attached). To assert a valid Due

---

8 It is noted that, generally, DOCCS has broad discretion to place inmates based on security considerations.

19

Process claim, "[t]he threshold issue is always whether the plaintiff has a property or liberty interest protected by the Constitution." Dkt. 4 at p. 33, citing *Narumanchi v. Bd. Of Trs. Of Conn. State Univ.*, 850 F.2d 70, 72 (2d Cir. 1988). Courts in this Circuit have held that a plaintiff has no property interest in obtaining FOIL document. *See e.g. Blount v. Brown*, No. 10-CV-1549, 2010 WL 1945858, at *2 (E.D.N.Y. May 11, 2010) (attached). Here, plaintiff has not alleged a property interest relating to his FOIL requests and, therefore, these claims should be rejected as futile.

In any event, assuming *arguendo* that plaintiff alleged a valid property interest, he cannot state a claim for deprivation of property under § 1983 since there were adequate state court remedies -- *e.g.*, a Court of Claims action. *See Jackson v. Burke*, 256 F.3d 93, 96 (2d Cir. 2001).

Thus, even if the Court were to construe these claims against Bernier and Nelson under the Due Process Clause of the Fourteenth Amendment, they should still be rejected or dismissed futile.

**h. Procedural Due Process claims against Bernier and LeClerc (SOCTP)**

Plaintiff claims defendants Bernier and LeClerc violated his Fourteenth Amendment rights by referring him to SOCTP for non-sex related offenses. To state a claim under § 1983 for denial of due process, a plaintiff must show that he both (1) possessed a liberty interest, and (2) was deprived of that interest without being afforded sufficient process. Dkt. 4 at p. 30, citing *Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004). "Prison discipline implicates a liberty interest when it 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Ortiz,* 380 F.3d at 654 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

"'A prison clinical rehabilitation program, which is acknowledged to bear a rational relation to a legitimate penological objective, does not… constitute [an] atypical and significant hardship [ ] in relation to the ordinary incidents of prison life.'" *Mills v. Fischer*, No. 11-CV-896, 2013 WL 550731, at *6 (N.D.N.Y. Jan. 2, 2013) (attached); *see* Dkt. 4 at p. 31; *see also McKune*

20

*v. Lile*, 536 U.S. 24, 37-38 (2002).  In the IFP Order, the Court unequivocally held that plaintiff's referral to SOCTP did not "impose an atypical or significant hardship" and implicate a constitutionally protected interest.  Dkt. 4 at p. 31.  Plaintiff, in his proposed amended complaint, has provided nothing more than rhetoric in his attempt at reviving these claims.  Plaintiff discusses, in depth, the details of the program and why he believes he should not have been placed in it.  However, the alleged referral to SOCTP by Bernier and LeClerc does not implicate a constitutionally protected interest and, even if it does, plaintiff failed to allege sufficient facts to establish that these defendants denied him any process that he was due.  *See Blake v. Fischer*, No. 09-CV-2666, 2010 WL 2522198, at *10 (N.D.N.Y. Mar. 5, 2010) (attached).  Therefore, it is submitted that plaintiff's Fourteenth Amendment Due Process claims against Bernier and LeClerc should be rejected as futile.

i.  **Substantive Due Process claims against Bernier and LeClerc**

To establish a violation of substantive due process rights, a plaintiff must demonstrate that the state action was so egregious and so outrageous that it may fairly be said to shock the contemporary conscience. *See Okin v. Village of Cornwall-on-Hudson Police Dep't*, 577 F.3d 415, 431 (2d Cir. 2009).  In the IFP Order, the Court unequivocally held that plaintiff's referral to SOCTP is not conscience-shocking or oppressive in the constitutional sense and dismissed the substantive due process claims.  In the proposed amended complaint, plaintiff simply discusses the details of the program and how it affected him.  Prop. Am. Compl. ¶¶ 284-285.  Plaintiff does not provide new allegations to show that the referral to SOCTP was so egregious and so outrageous that it is oppressive or that it shocks the conscience.  Therefore, plaintiff's Substantive Due Process claims against Bernier and LeClerc should be rejected as futile.

## CONCLUSION

It is respectfully submitted that plaintiff's motion for leave to amend the complaint should be denied in its entirety due to plaintiff's failure to comply with Rule 8. If the Court does not deny plaintiff's motion in its entirety, it is respectfully requested that, for the reasons set forth above the motion be denied with respect to the proposed amendments as to defendants Smith, Waterson, Nelson, LeClerc and Bernier on the ground that they are futile.

Dated: Albany, New York
October 19, 2018

BARBARA D. UNDERWOOD
Attorney General of the State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224


By: s/ Erik Pinsonnault
Erik Pinsonnault
Assistant Attorney General, of Counsel
Bar Roll No. 107509
Telephone: (518) 776-2553
Email: erik.pinsonnault@ag.ny.gov

By: s/ Kostas Leris
Kostas Leris
Assistant Attorney General, of Counsel
Bar Roll No. 519646
Telephone: (518) 776-2574
Email: kostas.leris@ag.ny.gov


TO:   **Equarn White**, 08-A-2234
      Attica Correctional Facility
      639 Exchange Street
      Attica, NY 14011