<u>UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK</u>

EQUARN WHITE,

                        Plaintiff,

   -against-                                              9:17-CV-1094 (LEK/ATB)

RANDEL SMITH, et al.,

                        Defendants.

**<u>DECISION AND ORDER</u>**

**I.     INTRODUCTION**

Plaintiff Equarn White commenced this *pro se* action on October 2, 2017 pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights that occurred during his confinement at Upstate Correctional Facility. Dkt. No. 1 ("Complaint"). On June 5, 2019 Plaintiff amended his complaint. Dkt. No. 44. After initial review of this amended complaint, the Court allowed eight of Plaintiff's claims to continue including claims asserting Eighth Amendment conditions-of-confinement, First Amendment retaliation, Eighth Amendment excessive force, and Eighth Amendment deliberate medical indifference asserted against various defendants. <u>See</u> Dkt. No. 55 at 22–24.

On April 5, 2021, Defendants filed a motion for summary judgment. Dkt. No. 75. Plaintiff requested, and the Court granted, additional time to respond to Defendants' motion on June 7, 2021. Dkt. Nos. 81, 82. However, Plaintiff never filed a response. <u>See</u> Docket.

Now before the Court is a Report-Recommendation regarding the motion for summary judgment filed by the Honorable Andrew T. Baxter, recommending that Defendants' motion for summary judgment be granted. Dkt. No. 84 ("Report-Recommendation"). For the reasons that follow, the Court approves and adopts the Report-Recommendation.

## II. BACKGROUND

### A. Factual Allegations

Petitioner's factual allegations are detailed in the Report-Recommendation, familiarity with which is assumed. See generally R. & R.

### B. The Report-Recommendation

After a very thorough review of the facts and claims asserted by Plaintiff, as well as the uncontradicted record evidence presented by Defendants, Judge Baxter found no material facts at issue and that summary judgment is appropriate as to each of Plaintiff's claims. See id. at 53.

## III. STANDARD OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

## IV. DISCUSSION

Plaintiff did not file objections to the Report-Recommendation. See Docket. Consequently, the Court reviews the Report-Recommendation for clear error and finds none. Therefore, the Court adopts the Report-Recommendation in its entirety.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 84) is **APPROVED and ADOPTED** in its entirety; and it is further

**ORDERED**, that Defendants' motion for summary judgment (Dkt. No. 75) is **GRANTED**; and it is further

**ORDERED**, the amended complaint be dismissed in its entirety as against all remaining defendants; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     December 17, 2021
           Albany, New York

_Lawrence E. Kahn_
Lawrence E. Kahn
Senior U.S. District Judge